**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4571**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BENJAMIN JOHN WOODRING,

    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:19-cr-00040-JPB-JPM-5)

Submitted:  June 28, 2021       Decided:  July 9, 2021

Before WILKINSON, KING, and THACKER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion. Judge Thacker dissents.

E. Ryan Kennedy, ROBINSON & MCELWEE, PLLC, Clarksburg, West Virginia, for Appellant.  Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin John Woodring pled guilty to aiding and abetting the distribution of methamphetamine within 1,000 feet of a protected location, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860. The district court sentenced Woodring to 77 months' imprisonment and imposed the mandatory, $100 special assessment. Woodring now appeals, claiming that the mandatory special assessment is unconstitutional and that his counsel rendered ineffective assistance. The Government has moved to dismiss the appeal, asserting that Woodring's claims are barred by the appellate waiver in his plea agreement. For the following reasons, we grant the Government's motion to dismiss the appeal in part, and affirm in part.

We will generally enforce an appellate waiver if the record establishes (1) that the defendant knowingly and intelligently waived his right to appeal, and (2) that the issues raised on appeal fall within the waiver's scope. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). Upon review of the plea agreement and Fed. R. Crim. P. 11 hearing, we conclude that Woodring knowingly and intelligently waived his right to appeal. Moreover, Woodring's challenge to the mandatory special assessment falls squarely within the scope of his waiver and does not constitute one of the "extremely narrow exception[s]" to the general enforceability of appellate waivers. *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003). We therefore find that Woodring's appellate waiver bars his challenge to the special assessment.

Woodring's ineffective assistance claim, on the other hand, falls outside the scope of his appellate waiver. However, we will not consider ineffective assistance claims on

2

direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Based on our review of the record, we conclude that ineffective assistance of counsel does not conclusively appear, and we therefore decline to review this claim on direct appeal.

Accordingly, we grant the Government's motion in part, dismiss Woodring's challenge to the special assessment as barred by the appellate waiver, and affirm the judgment as to Woodring's claim of ineffective assistance of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*